Filed 8/30/16  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F071625 |
| Plaintiff and Respondent, | (Super. Ct. No. BF157228A) |
| v. | |
| GILBERT RODRIGUEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Kane, Acting P.J., Detjen, J. and Smith, J.

Appointed counsel for defendant Gilbert Rodriguez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 1, 2014, defendant pled to attempted receiving stolen metals by a junk or secondhand dealer, a felony (Pen. Code, § 496a, subd. (a)),[1] and he admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On October 30, 2014, the trial court sentenced him to 16 months in prison, as the parties had agreed.

On February 26, 2015, defendant filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), requesting that the trial court reduce his felony conviction to a misdemeanor.

---

[1]     Section 496a, subdivision (a) currently provides: "(a) Every person who is a dealer in or collector of junk, metals, or secondhand materials, or the agent, employee, or representative of such dealer or collector, and who buys or receives any wire, cable, copper, lead, solder, mercury, iron, or brass which he or she knows or reasonably should know is ordinarily used by or ordinarily belongs to a railroad or other transportation, telephone, telegraph, gas, water, or electric light company, or a county, city, city and county, or other political subdivision of this state engaged in furnishing public utility service, without using due diligence to ascertain that the person selling or delivering the same has a legal right to do so, is guilty of criminally receiving that property, and shall be punished by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment."

On April 8, 2015, the trial court denied the petition because defendant's conviction did not qualify for resentencing under Proposition 47.

On May 19, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Receiving stolen metal (§ 496a, subd. (a)) is not among the offenses listed in section 1170.18. Furthermore, unlike some other theft-related crimes, the value of the property received has no bearing on eligibility for resentencing. (See, e.g., § 496, subd. (a) [receiving stolen property is misdemeanor when value of property does not exceed $950].) The trial court properly denied defendant's petition for resentencing.

We see no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Proposition 47 is affirmed.